THE UNITED STATES

*vs.*

BRONAUGH M. DERRINGER.

AT LAW.   DECIDED DEC. 5, 1851.

*Action of Debt on a Contract.*

1. When the Clerk of the House of Representatives made a contract with the defendant to deliver wood at a given price and the time for delivery was extended by the clerk. Held, that the clerk could not rescind the contract for non-delivery of the wood until the expiration of the time agreed upon for its delivery.

2. Where the defendant had contracted with the Clerk of the House of Representatives to furnish the government with wood, without an appropriation from Congress to pay for the same. It was held in a suit brought by the United States against the defendant for a breach of contract. That in the absence of an appropriation by Congress, the United States would not be bound to answer in damages if they had refused to accept the wood for the same reason the defendant would not be liable for not furnishing the wood.

MR. P. R. FENDALL, for the United States.

MESSRS. OULD and BIBB, for the defendant.

Declaration.

That whereas the said B. M. Derringer, on the 8th day of May, in the year 1845, by his certain writing obligatory,

sealed with his seal, and to the Court here shown, whose date is the day and year above written, acknowledged himself jointly and severally with one Henry Derringer, Esq., to be held and firmly bound unto the said United States in the sum of $1,000, which said writing obligatory was with a condition therein written, that if the said B. M. Derringer did well and truly execute a contract entered into between B. B. French, Clerk of the House of Representatives of the United States, acting for and in behalf of the United States, which contract bears date the 8th day of May, 1845, in and by which said contract, amongst other things the said Derringer had contracted and engaged with the said B. B. French, acting as aforesaid, that the consideration therein mentioned, the said Derringer would furnish and deliver at the office of the Clerk of the House of Representatives aforesaid, in the city of Washington, free of any charge or carriage, on or before the 1st day of September, 1845, 100 cords of the best hickory wood, to be sawed into lengths of two feet and piled away in the vaults appropriated for the reception thereof, at and for the rate of $5.49 per cord; and the said B. B. French, clerk as aforesaid, and acting as aforesaid, stipulated and agreed for, and on account of the United States, of the said United States with the said B. M. Derringer, otherwise called Bronaugh M. Derringer, to pay the said Derringer for the wood aforesaid, so as aforesaid to be delivered, sawed and piled away, according to the price and terms aforesaid, as soon as the account of the said Derringer thereof should be audited by the Committee of Accounts of the House of Representatives, and an appropriation be made therefor by the Congress of the said United States. And the United States in fact say that the said Derringer did not fulfill in whole, or in part, the said contract, but wholly failed therein, to wit: at the county aforesaid, and that the said Derringer did not furnish and deliver at the office of the clerk of the House of Representatives of the United States, the quantity of wood aforesaid, viz: 100 cords of wood, and did not saw, or caused to be sawed, the same, or any part thereof, into lengths of two feet, and did not pile away, or cause to be piled away, the same, or any part thereof, in the vaults appropriated for the

reception thereof, at or before the time stipulated in said contract, or at any time thereafter whereby an action hath accrued to the said United States to demand and have of him, the said Derringer, the sum of money above demanded, nevertheless the said Derringer, although often requested, has not paid to the said United States the said sum of money above demanded, or any part thereof, but so to do has hitherto wholly refused, and still doth refuse, to the great damage of the United States, to the value of $1,000, and therefore they bring suit, &c.

Pleas of the defendant to the declaration.

And the defendant comes and defends the wrong and injury when, &c., and craves oyer of the writing obligatory set forth in the declaration as the foundation of the action and of the condition thereof, and also of the agreement therein referred to, purporting to have been made between B. B. French, clerk of the House of Representatives of the United States, and said defendant, B. M. Derringer, which said two writings are read to him in the words and figures to wit: the first, the bond entered into by the defendant and Henry Derringer; second, the contract, which writings being heard and understood, the defendant saith the United States their action against this defendant to have and maintain ought not, because the defendant doth aver that after the said 8th day of May, 1845, and before the said 1st day of September, 1845, to wit: On the —— day of ——, in the year 1845, at Washington, D. C., at the office of the House of Representatives, it was mutually agreed between the said B. B. French, clerk of the House of Representatives of the United States, and the said B. M. Derringer, that the time for the delivery of the said wood was and should be extended to the 1st day of October, 1845, and that a delivery of said wood on or before the said day of September, 1845, was dispensed with; and the said stipulation of this defendant to deliver the said 100 cords of wood on or before the 1st of September, 1845, was waived, released, set aside and cancelled by the said B. B. French as aforesaid, by and with the consent of this defendant, and by concurrent wills and consent of said B. B. French, clerk of the House of Representatives aforesaid, and the said B. M. Derringer, the defendant.

2d. And the defendant, for a further plea, saith that after the said execution of the contract of May 8th, 1845, and before the said 1st day of September, 1845, to wit: On the —— day of ——, at the District and County aforesaid, by mutual agreement of said B. B. French, clerk of the House of Representatives, and of said defendant B. M. Derringer, the time for the delivery of said 100 cords of wood was extended, and it was by said parties mutually then and there agreed that the time for delivery of said wood, instead of on or before said 1st day of September, should be on or before said 1st day of October, 1845; and the defendant doth further aver that after the said time for the delivery of the wood had been so as aforesaid extended, and before the expiration of the said 1st day of October, 1845, he, the said B. B. French, clerk as aforesaid, did give notice to this defendant not to deliver the wood, and did declare the contract as not obligatory upon him, the said B. B. French, the one party, and did declare to this defendant that he, said French, no longer looked to this defendant, B. M. Derringer, for a supply of wood for the house; and he, the said B. B. French, clerk as aforesaid, said by his certain writing, signed with his name, and dated "Office of House of Representatives, United States, Washington, October 1st, 1845," and addressed to this defendant, and to him delivered in the morning of said day, did therein and thereby admit and acknowledge the extension of the time for delivery of the wood as herein before set forth and pleaded; and he, the said French, clerk as aforesaid, did, in and by said writing, so addressed and delivered to this defendant, to wit: on the said 1st day of October, 1845, in the District of Columbia, and County of Washington, aforesaid, put an end to the said contract for the delivery of the wood, and prevent this defendant from delivering of the wood; and the defendant brings here and shows to the Court the said letter bearing date, " Office, Hall of Representatives, United States, October 1st, 1845," signed with the name of him, the said B. B. French, clerk of the House of Representatives as aforesaid, by J. E. Millard, therein authorized by said French; and this defendant doth say that he, the said B. B. French, clerk as aforesaid, by his own acting and doing, did prevent

the delivery of the wood on the said 1st day of September, 1845, and on the said 1st day of October, 1845; and this defendant avers that he, the said B. B. French, clerk as aforesaid, is the cause why the said wood was not delivered, and did obstruct, prevent and prohibit, this defendant from the delivery of the wood.

3d. And for a further plea this defendant saith that after the said contract of the 8th May, 1845, for the delivery of the said wood on or before the first day of September, 1845, and before the said first day of September, 1845, it was mutually agreed, to wit: On the —— day of ——, in the year 1845, by and between the said B. B. French, clerk as aforesaid, and this defendant, that the time for the delivery of said 100 cords of wood should be extended, and that the time for delivery of said 100 cords of wood shall be on or before the the first day of October, 1845; and the said defendant doth further say and aver that before the said extended time for the delivery of the wood had expired, and whilst this defendant was, as he doth aver, with all due diligence and care, preparing to deliver the wood in performance of the said contract, he, the said French, clerk as aforesaid, did contract with one Joseph Rafliffe, for the purpose of supplying said wood, and therefore and thereupon did give notice to this defendant not to deliver the wood, and that the said French did not look to this defendant for a supply of wood; which said notification to this defendant was made in writing, signed with the name of the said B. B. French, as clerk of the House of Representatives of the United States, bearing date on the 1st day of October, 1845, at the office of the House of Representatives, wherein is stated and set forth as well the said extension of time for delivery, as also the notification to this defendant not to deliver the wood, and likewise the notification to this defendant that said B. B. French did not look to this defendant for a supply of wood for the said House of Representatives, which said written notification, bearing date on the day and year aforesaid, is to the Court here now shown; and the defendant avers that said writing so aforesaid, made in the said office of the House of Representatives, and signed with the name of B. B. French, was made

and delivered to this defendant on the said 1st day of October, 1845, at Washington, in the District of Columbia aforesaid, and was delivered to this defendant before noon of that day, and all of which this defendant is ready to verify.

4th. And for a further plea this defendant saith that the said B. B. French, by his certain writing, signed with his proper name, and officially made as clerk aforesaid, made and delivered to this defendant in the forenoon of the first day of October, 1845, in the County of Washington and District of Columbia, and to the Court here now shown, bearing date at the office of the House of Representatives; and on the said 1st day of October, 1845, did therein and thereby waive, release, discharge, acquit and absolve this defendant from the said contract for the delivery of said wood, and did therein and thereby give-notice and information to this defendant not to deliver the said wood; and did therein and thereby give notice and information to this defendant that he, the said French, clerk as aforesaid, did not look to this defendant for the supply of said wood for the use of the House of Representatives; and this the defendant is ready to verify.

5th. And for a further plea this defendant saith that the Congress of the United States had not made, on or before the said 8th day of May, or 1st of September, or 1st day of October in said year 1845, any appropriation of money for the purchase of said 100 cords of wood for the use of the House of Representatives, and that neither the United States nor Congress of the United States had given to said B. B. French, individually, or in his official capacity as clerk, authority or rightful power to bargain for the purchase on credit and bind the United States or the Congress to pay for said wood; and that the said contract made by said B. B. French, in his official capacity, and purporting to have been by him done as acting for and on behalf of the United States, was without any warrant of law, done by usurpation and assumption, was void in the beginning, of no validity in the course of time; that in and by said writings no valuable, lawful or good consideration flowed or accrued therefrom or thereby to this defendant, and that the said contract in the declaration supposed was null, and is of no force and effect in law, and this the defen-

dant is ready to verify; wherefore he prays judgment if the plaintiff ought to have and maintain the action in the declaration in manner and form as therein set forth, complained and alleged, &c.

Plaintiff's additional count.

And whereas, also, the said B. M. Derringer, otherwise called Bronaugh M. Derringer, on the said 8th day of May, in the year 1845, at the county aforesaid, by his certain other writing obligatory of that date, sealed with his seal, and here in Court to be produced, bound and acknowledged himself to be indebted, with one Henry Derringer, to the said United States of America, in the full and just sum of 1000 dollars, of current money of said United States, which said last mentioned writing obligatory was, with a certain condition thereunto written, setting forth that a public advertisement, dated on the 16th day of April, in the year of 1845, was issued by the clerk of the House of Representatives of the said United States; that the defendant had contracted to deliver at the office of the clerk of the House of Representatives of the United States, for the use of the said House of Representatives, on or before the first day of September, in the year 1845, free of charge for carriage, 100 cords of hickory wood, according to the specification in said advertisement, at $5.49 per cord, and that the said clerk of the House of Representatives as aforesaid, had notified his acceptance of the said proposals, and had required security for the due and faithful delivery of said wood; and that the said defendant would well and truly cause to be delivered at the said office of the clerk of the House of Representatives, the said wood, agreeably to a certain contract for furnishing the same, and in conformity with the terms specified in the said advertisement, and that the said defendant would well and faithfully fulfill all the terms of his said contract, which said contract was entered into by and between the defendant and the said French, clerk as aforesaid, and acting as aforesaid, bears date on the said 8th day of May, in the year 1845, sealed with the respective seals of the said defendant and the said French, and is here in Court to be produced; and by which contract said defendant on his part agreed with said French, clerk as aforesaid, and acting as

aforesaid, to deliver at the office of the said clerk in the City of Washington, free of charge for carriage, on or before the 1st day of September, 1845, 100 cords of the best hickory wood, to be sawed into lengths of two feet and piled away in the vaults appropriated for the reception thereof, at and after the rate of $5.49 per cord; and the said French, clerk as aforesaid, stipulated for and on account of the said United States to pay for the wood aforesaid, according to the price and terms aforesaid, as soon as the account of the defendant therefor should be audited by the Committee of Accounts of the said House of Representatives, and an appropriation be made therefor. And the plaintiffs aver that on or about the said 1st day of September, 1845, the time stipulated in the contract in the said last mentioned writing obligatory mentioned, for the delivery, sawing and piling away of the wood aforesaid, according to the price and terms in the said last mentioned contract mentioned, having then expired or being about to expire, and the defendant not having fulfilled his said last mentioned contract, the defendant informed the said Benjamin B. French, clerk as aforesaid, and acting as aforesaid, in the county aforesaid, that said defendant could not fulfill his said last mentioned contract, and could not deliver, saw and pile away said wood as aforesaid at or by the time limited and stipulated in said last mentioned contract for such delivery, sawing and piling away; and on or about the said first day of September, in the year aforesaid, at the County aforesaid, requested the said Benjamin B. French, clerk as aforesaid, and acting as aforesaid, to enlarge the time specified in said last mentioned contract for the delivery, sawing and piling away as aforesaid of said wood, so as to give the defendant all the said month of September for delivering, sawing and piling away the same, strongly assuring said French that should such indulgence be given, said French should not be again disappointed. Whereupon said French, clerk as aforesaid, and acting as aforesaid, at the special instance and request of the defendant, consented to enlarge the time aforesaid so as to give the defendant all the month of September within which to deliver, saw and pile away said wood as aforesaid. And so the plaintiffs say that on or about the said 1st

day of September, 1845, at the county aforesaid, the said French, clerk as aforesaid, and acting as aforesaid, and the defendant, did, on the aforesaid special instance and request of the defendant, agree together to enlarge and extend, and did enlarge and extend through all the said month of September, the time fixed and limited in the said last mentioned contract, and in the said last mentioned writing obligatory for the delivery, sawing and piling away of the said wood as aforesaid; but that neither the said last mentioned contract nor the said condition of the last mentioned writing obligatory was, on the day and year last named, or at any other time, in any other particular than as to the time of delivery, sawing and piling away, altered, or varied in any respect or degree whatever, but remained in full force, virtue and effect, except as to the time of delivery, sawing and piling away, as if said time of delivery, sawing and piling away had not been so enlarged and extended as aforesaid. Yet the defendant did not, on or before the 1st day of September, 1845, nor at any day or time during the said month of September, nor at any other day and time whatever, well and faithfully fulfill said last mentioned contract either in whole or in part, and has not, at any other day or time whatever, well and faithfully fulfilled the said last-mentioned contract, either in whole or in part; in this, that the defendant did not, on or before the said first day of September, 1845, nor at any day or time during the said month of September, nor at any other day or time whatever, deliver or cause to be delivered at the office of the Clerk of the House of Representatives of the United States, in the City of Washington, saw or cause to be sawed into lengths of two feet, pile away or cause to be piled away in the vaults appropriated for the reception thereof, 100 cords of the best hickory wood or any part thereof, and has not, at any other day or time whatever, delivered or caused to be delivered at said office, sawed or caused to be sawed, and piled away or caused to be piled away in the vaults appropriated for the reception thereof, said 100 cords of the best hickory wood or any part thereof, whereby an action has accrued to the plaintiff to demand and to have of the defendant the sum of money last above demanded; nevertheless

the defendant, though often requested to do so, has not paid to the plaintiffs the said last above demanded sum of money, or any part thereof, but so to do has hitherto wholly refused and still refuses. By means of which said premises the plaintiffs have sustained damages to a large amount, to wit: to the amount of $1000, and therefore they bring their suit, &c.

And the defendant, for further plea to the said declaration, and to the additional count filed by the attorney of the United States, doth allege and say that B. B. French, clerk of the House of Representatives, by his certain writing, signed with his name, bearing date on the —— day —— of 1845, did extend and enlarge the time for the delivery of the wood in the declaration mentioned to the 1st day of October, 1845, and that the defendant had by said extension the whole of said 1st day of October, 1845, for the delivery of the wood; and that the said B. B. French, by his letter to this defendant, delivered on the said 1st day of October, 1845, and before sunset of that day, to wit: at 11 o'clock in the forenoon of the said day, at the City of Washington, and County of Washington, in the District of Columbia, forbid the said defendant to deliver the wood, and this he is ready to verify, without that the contract and time for delivery was extended only to the last day of September, as the plaintiff in pleading hath alleged.

And the plaintiffs saith the contract and time for the delivery was extended and enlarged to include the last day or September only, and not to include the 1st day of October, 1845, as the defendant, in pleading of, hath alleged, and this the plaintiff pray may be enquired of by the country.

And the defendant likewise.

Mr. P. R. Fendall, Attorney for the United States.

Messrs. Ould and Bibb, Attorneys for the defendant.

The plaintiffs to support the issue on their part joined offered evidence, tending to prove that on the 16th day of April, 1845, one Benjamin B. French was clerk, duly elected and qualified as clerk of the House of Representatives of the United States, and so continued to be until the 1st day of November following; and long after that, on the day and year first aforesaid, the said French, as such clerk, caused to be

published in the *National Intelligencer* and other newspapers printed and published in the City of Washington, in the District of Columbia, a notice in the words following:

Prout the same.

The plaintiffs then offered evidence tending to prove that proposals for furnishing said wood were accordingly made by sundry bidders; that the lowest bid was made by the defendant, and at the rate of $5.49 per cord; that on —— day of May, 1845, the said French, as such clerk, accepted the defendant's said bid; that on the 8th of May next following, the defendant and the said French, as such clerk, entered into a contract for the delivery of said wood, and on the same day the defendant executed his bond for the delivery of said wood, which said contract and bond were read in evidence to the jury and are in words and figures following:

Prout the same.

The plaintiffs then offered the evidence of B. B. French, tending to prove that on or before the 1st day of September, 1845, the day fixed by the condition of said bond for the delivery of said wood, the defendant called on said French, represented that he was not prepared to deliver the said wood on that day, and solicited an extension of the time for delivery throughout said month of September; that said extension was granted by said French as such clerk, but that in all other respects the original contract remained unaltered; that said wood, or any part thereof, was not delivered nor offered to be delivered during said month of September, nor at any other time; that on the 1st day of October next following, one I. C. Millard, a clerk in the office of said French, by authority of said French, addressed a letter to the defendant in the words and figures following:

Prout said letter.

This letter of October 1st, 1845, was given in evidence by plaintiffs before the parol evidence as to extension of time, and the defendant objected to that part of the parol evidence of French which tended to prove that the extension of time for delivery was confined to the month of September, to the exclusion of the first day of October. The Court admitted the evidence subject to the further consideration of the Court.

The plaintiffs then offered evidence to prove that on or before said first day of October, 1845, and thereafter, the defendant resided in Georgetown, District of Columbia. That the office hours of said French, clerk as aforesaid, ended at 3 o'clock P. M., and it was the usage of his office for letters written there to be sent to the Post Office after 3 o'clock in the afternoon; that the defendant on or before the 1st day of October, 1845, kept a wood and coal yard in the city of Washington, but had no wood; that shortly before the 2nd day of October, 1845, the said French addressed letters to the two bidders successfully, who were next lowest to the defendant, apprising them on information which said French had received of the probability that the defendant would fail to comply with his contract, and enquiring whether they would be willing to furnish the wood; that receiving no answer from either of the two next lowest of them, or of an answer declining, he agreed with the third for the delivery, sawing and piling away of the wood, as provided by the contract, at the price of $6.50 per cord. That this was a fair market price on the 2nd of October, 1845, of hickory wood of the quality called for by the contract, delivered, sawed, and piled away as therein required; that the new contractor was industriously occupied between three and four weeks delivering, sawing and piling away said 100 cords of hickory wood, which was conveyed in numerous carts, some of them being hired by the contractor, and that for them he paid at the rate of $1 a cord; that with the aid of all the carts in the city of Washington and Georgetown, it would have been impossible for 100 cords of hickory wood to be conveyed, sawed and piled away in the vaults of the House of Representatives in a single day.

The plaintiffs further offered in evidence the rules of the House of Representatives, existing and in force when said contract was made, being the rules printed by order of said house, in the year 1837, by Thomas Allen, printer thereto, and the plaintiffs then offered evidence tending to prove that in the year 1833, the said French was first employed in the Clerk's Office of the House of Representatives, and that there was then existing and in force a usage (established long before the passage of the Act of Congress of 23rd of February,

1805, requiring the clerk of the House of Representatives, to give bond and security for the faithful application and disbursement of the contingent fund), under which usage it was the duty of the clerk to have charge of the contingent fund annually appropriated by Congress for the use of said House; to provide and pay for out of it fuel and other necessaries for the use of said House, and to make contracts for their purchase and delivery; that claims for articles furnished under such contracts, after being passed by the Committee of Accounts, were paid by the clerk, and subsequently allowed at the Treasury of the United States; that when the contingent fund was exhausted Congress made appropriation for the deficiency, and such claims as the first appropriation had proved insufficient to meet were, as aforesaid, paid out of the appropriations for deficiency, and allowed at the Treasury; that before the passage of the Act of Congress of 26th of August, 1842, requiring printing and stationery to be advertised for, it was the usage for the clerk to make purchases and contracts without advertising for proposals, but that since the passage of that law, the usage has been for the clerk to advertise for proposals to furnish fuel, in the manner prescribed by that law, in regard to stationery and printing; and that in view of the possibility of the contingent fund proving insufficient for its objects, a clause was generally inserted in the contracts, to the effect that the articles (after being audited by the Committee of Accounts) should be paid for "as soon as an appropriation should be made therefor" which clause was inserted in the contract with the defendant, although by the Act of Congress of 3rd of March, 1845, making appropriations for the civil and diplomatic expenses of the government, for the year ending 30th June, 1846, and for other purposes, $100,000 were appropriated for stationery, *fuel*, printing and all other contingent expenses of the House of Representatives; and although no deficiency in said fund so appropriated was apprehended.    And the plaintiffs offered evidence tending to prove that in point of fact *no* such deficiency did occur, and that the wood furnished under the defendant's contract by the substituted contractor was paid for out of said appropriation.

The defendant then offered evidence tending to prove that in the months of September and October, 1845, the best hickory wood in Georgetown was sold and delivered in Georgetown at $5.50 per cord, but that this price was exclusive of the cost of sawing and piling away.

Instructions.

Whereupon the defendant's counsel prayed the Court to instruct the jury as follows: that if they believe from the evidence the said B. B. French had no authority in law to contract for and on behalf of the United States, and to bind the United States by the said contract in the declaration mentioned, and that the said contract not binding on the said United States did not bind said defendant, and he is entitled to a verdict in this suit, which was given.

The Court gave also the following instructions:

1st. That if the jury find from the evidence that by mutual agreement between B. B. French, clerk of the House of Representatives, and the defendant, the time for the delivery of the wood in the declaration mentioned was extended and enlarged for the first day of October, 1845, then the defendant has verified and maintained his 2nd, 3rd, 4th and 6th pleas, and the jury should find for the defendant.

2nd. That if the jury shall find from the evidence the letter bearing date Oct. 1st, 1845, to be genuine letter issued from the office of the Clerk of the House of Representatives, by the authority of B. B. French, the clerk, and delivered to the defendant on the same day, then the law of the case is for the defendant, and the jury should find for him. To which giving of said instructions the plaintiffs, by their counsel, excepts.

The above instructions were concurred in by the Judges, Morsell and Dunlop, April 9th, 1851.

Verdict for defendant.

Motion for new trial on above exceptions. Dec. 5th, 1851, motion overruled and judgment rendered on the verdict.